**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Nicholas Andrade, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Stoneleigh Recovery Associates, LLC.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Nicholas Andrade, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Nicholas Andrade ("Plaintiff"), is an adult individual residing in Fall River, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Stoneleigh Recovery Associates, LLC. ("Stoneleigh"), is an Illinois business entity with an address of 810 Springer Drive, Lombard, Illinois 60148, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Stoneleigh and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Stoneleigh at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation in the approximate amount of $1,050.00 (the "Debt") was incurred to Best Buy (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Stoneleigh for collection, or Stoneleigh was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Stoneleigh Engages in Harassment and Abusive Tactics

12. Defendants called Plaintiff on July 18, 2011 concerning a debt allegedly incurred to Best Buy by Plaintiff.

13. Plaintiff informed Defendants that he had no knowledge about the alleged debt.

14. Defendants stated that a letter had been sent to Plaintiff at 557 State Road, Fall River, Massachusetts.

15. Plaintiff informed defendants that he had not lived at the above-mentioned address for five years.

16. Plaintiff asked if defendants had a current address for Plaintiff, which is 800 Locust Street, Fall River, Massachusetts. Defendants confirmed that Plaintiff's new address was known to Defendants.

17. Plaintiff requested that Defendants provide more information about the alleged debt. Defendants stated that Plaintiff will get such information at the court.

18. Defendants stated that a lawsuit will be filed against Plaintiff if he failed to make a payment by 5:00pm.

19. Plaintiff suffers from an acute case of acid reflex. Defendants' call worsened Plaintiff's well being.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

34. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 20, 2011

>Respectfully submitted,
>
>By   /s/ Sergei Lemberg
>
>Sergei Lemberg (BBO# 650671)
>LEMBERG & ASSOCIATES L.L.C.
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile:  (203) 653-3424
>Attorneys for Plaintiff